ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 MAR -3 PM 3:32

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TORRON JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-074 |
| | ) | |
| JOSE MORALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Dodge State Prison in Chester, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Johnson State Prison in Wrightsville, Georgia. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### I. SCREENING OF THE AMENDED COMPLAINT

#### A. BACKGROUND

Plaintiff names the following Defendants: (1) Jose Morales, Warden, Calhoun State Prison[1]; (2) Larry Butts, Warden of Security, Johnson State Prison; (3) Timothy Jones, Deputy Warden of Care and Treatment, Johnson State Prison; (4) James Jackson,

---

[1] Plaintiff asserts that Jose Morales was the warden of Johnson State Prison at the time of the alleged events.

Unit Manager, Johnson State Prison; and (5) Doug Underwood, Unit Manager, Johnson State Prison. (See doc. no. 1, p. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must when screening his complaint, the facts are as follows.

On May 17, 2013, Plaintiff closed his locker after searching for a document and sat on his bed. (Id. at 5.) Unbeknownst to Plaintiff, the door of the locker had opened and Plaintiff hit his head on the corner of the door when he stood up. (Id) Plaintiff informed the officer on duty of his injury, who sent him to the medical unit. (Id.) Plaintiff reports that the injury was "serious" and he "bled profusely," but he did not require stitches. (Id.)

Plaintiff alleges that Defendants "knew and or should have known of the dangerous positioning of the locker boxes due to the level of injuries reported by inmates." (Id. at 5-6.) Plaintiff states that the "lockers are made to sit on the floor," but it was "institutional policy and custom" to place them on the wall. (Id. at 6.) Plaintiff states that he thought the previous incidents might have been isolated incidents, but he decided to file this action when it occurred a third time and his complaints were ignored. (Id.)

Plaintiff requests compensatory and punitive damages, and injunctive relief in the form of an order requiring the prison officials "to lower the locker boxes to a position that doesn't pose a safety hazard." (Id. at 7.) Plaintiff sues Defendants in their individual and official capacities. (Id.)

B.  DISCUSSION

1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at

3

555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deliberate Indifference.

The complaint fails to state a viable claim based on the allegation that Defendants were deliberately indifferent to Plaintiff's safety by placing the lockers on the wall instead of leaving them on the ground. An Eighth Amendment violation for deliberate indifference to safety occurs when (1) there exists a substantial, particularized threat or fear of serious harm, (2) of which a defendant is subjectively aware, and (3) the defendant does not respond reasonably to the risk. Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (*per curiam*). To satisfy the second prong, a defendant must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists, and the defendant must also draw that inference. Carter, 352 F.3d at 1349. Stated another way, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be

4

condemned as the infliction of punishment." Farmer v. Brennan, 511 U.S. 825, 838 (1994).

Here, Plaintiff makes the conclusory allegations that Defendants "knew or should have known" of the dangerous positioning of the lockers due to previous injuries reported by other inmates, but Plaintiff does not state that either defendant had specific facts from which an inference could be drawn that a substantial risk of harm existed to Plaintiff or any other inmate due to such occurrences, that either defendant actually drew this inference, or that they did not respond reasonably to this risk. See Clark v. Allen, 2:09-CV-1065-WKW, 2012 WL 949814, at *5 (M.D. Ala. Feb. 27, 2012) *report and recommendation adopted*, 2:09-CV-1065-WKW, 2012 WL 949777 (M.D. Ala. Mar. 20, 2012) (allegations that a locker fell on the plaintiff when another inmate opened it and that prison official knew of the propensity of the lockers to fall was insufficient to demonstrate that prison official acted with deliberate indifference on the day in question). Indeed, Plaintiff's allegations that Defendants were or should have been aware of the dangers merely because other inmates had reported injuries in the past does not rise to the level of deliberate indifference. At most, it suggests negligence. See Id. (citing Arnold v. South Carolina Dep't of Corr., 843 F.Supp. 110, 113 (D. S.C. 1994) ("[t]o convert conduct that does not even purport to be punishment into 'cruel and unusual punishment,' defendants must demonstrate more than ordinary lack of due care for the prisoner's interests or safety").

Accordingly, Plaintiff fails to state a claim for deliberate indifference against Defendants. Rodriguez, 508 F.3d at 617 (11th Cir. 2007).

### 3. Plaintiff Fails to State a Claim for Monetary Damages Against Defendants in Their Official Capacities.

Plaintiff specified that he is proceeding against Defendants in both their individual and official capacities and seeks an award of monetary damages. (See doc. no. 1, p. 7.) (id. at 7). However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief against Defendants fail as a matter of law, and they should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be closed.

SO ORDERED this 3rd day of March, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE