ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 APR 21 P 2: 59
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TORRON JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-074 |
| | ) | |
| JOSE MORALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 11.) The Magistrate Judge recommended dismissal of Plaintiff's complaint for deliberate indifference because Plaintiff's allegations suggested, at most, negligence in the positioning of the locker within Plaintiff's cell. (Doc. no. 9, p. 5.)

In his objections, Plaintiff reiterates his arguments that he did in fact state a claim for deliberate indifference because Defendants had actual knowledge of the danger and intentionally failed to change "the locker positioning to that of one least likely to injure others." (Doc. no. 11, p. 4.) Additionally, the nurse that treated him after he was injured told him "those types of injuries happen all the time." (Id. at 3.) Because the Magistrate Judge thoroughly addressed these arguments (see doc. no. 9, pp. 4-5.), Plaintiff's

objections do not provide any reason to deviate from the conclusions in the R&R. (See id. at 6.) Plaintiff's objections are therefore **OVERRULED**.

Plaintiff also requests leave to file an amended complaint in which he wishes to add the above allegations of actual knowledge, failure to change the locker's positioning, the nurse's statement concerning the frequency of these injuries, and in general "to fix whatever the court thinks is wrong with the complaint." (Doc. no. 12, pp. 1-2.) As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and the decision on whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).[1] "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Ind. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (quoting Foman, 371 U.S. at 182).

An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted; similarly, a motion to amend that seeks to add claims is properly denied as futile when the claims are without merit or cannot form the basis for cognizable relief. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (*per curiam*) ("A proposed amendment may be denied for

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (*per curiam*)).

Here, Plaintiff raises issues that have already been addressed in the R&R, and which are plainly insufficient to show deliberate indifference to Plaintiff's safety. See Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007). As such, Plaintiff's proposed amendment is futile, as it would still be subject to dismissal for the reasons stated in the Magistrate Judge's R&R. See Coventry, 605 F.3d at 870. Plaintiff's motion to amend is therefore **DENIED**. (Doc. no. 12.)

Accordingly, the Magistrate Judge's R&R is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted and this civil action is **CLOSED**.

SO ORDERED this 11th day of April, 2014, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

3